IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**RYDER GAUTERAUX , dba
Outlaw Productions**,

      Plaintiff,

             v.

**NORTHWEST RODEO
ASSOCIATION Inc., dba Northwest
Professional Rodeo Association, PAT
SHANNON, and RANDY AMIS**

      Defendants.

No. CV 10-1382-MO

OPINION AND ORDER

      **MOSMAN, J.**,

      Defendants Northwest Rodeo Association Inc. and Randy Amis move to dismiss

Plaintiff's First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure

12(b)(6) (#7).  Plaintiff also moves voluntarily to dismiss defendants Amis and Shannon as to

Counts XI and XII of the FAC (#10).

## DISCUSSION

      Plaintiff fails to state a claim under federal law.  Plaintiff's allegations of racketeering

under 18 U.S.C. § 1962 ("RICO") fall well short of the federal pleading standard.  *See Bell Atl.*

1 – OPINION AND ORDER

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Here, plaintiff's allegations are precisely the kind of "formulaic recitation of the elements of a cause of action," without any adequately supportive facts, that the Supreme Court has held inadequate. *Id.* Therefore, plaintiff has not stated a claim under federal law, and this court does not have federal question jurisdiction over plaintiff's claim.

Plaintiff's claims are not completely diverse, and therefore do not provide a predicate for federal diversity jurisdiction. *See* 28 U.S.C. § 1332(a). Plaintiff is an Oregon resident, and *all* of the defendants are located in Oregon. The FAC states that defendant Northwest Rodeo Association ("NRA") is registered in the state of Washington, but also alleges that the location of NRA's Secretary office is Molalla, Oregon. (FAC ¶ 2.) Documents attached to plaintiff's complaint list the NRA's address in Fossil, OR. (Pl.'s Compl. (#1) 1–2.) Therefore, plaintiff has not pled diversity, and this court has no jurisdiction over this case. *See Hertz Corp. v. Friend*, 559 U.S. ___, 130 S. Ct. 1181, 1192–95 (2010) (holding that corporate citizenship for diversity purposes is determined by the location of the company's "nerve center").

## CONCLUSION

For the foregoing reasons, I GRANT defendants' Motion to Dismiss (#7), I GRANT plaintiff's motion to dismiss defendants Amis and Shannon (#10) to the extent it does not overlap with defendants' Motion to Dismiss, and I DISMISS the case with prejudice as to defendants Amis and Shannon, and without prejudice as to defendant NRA. Because plaintiff is proceeding pro se, I will allow him 14 days from the date of this opinion to amend his complaint to plead diversity jurisdiction as to NRA only. Specifically, plaintiff must allege that NRA's principal place of business is somewhere other than Oregon, and must plead plausible facts to

support that allegation.[1]  If plaintiff does not properly plead jurisdiction within 14 days, the

complaint shall be dismissed with prejudice as to NRA as well.


        IT IS SO ORDERED.

        DATED this  _21st_  day of March, 2011.




                                        /s/ Michael W. Mosman____
                                        MICHAEL W. MOSMAN
                                        United States District Court

---

[1] I suspect this is unlikely, given that NRA's Secretary's office is in Molalla, and documents attached to plaintiff's complaint list the address of NRA in Fossil, Oregon.  I currently see no indication that NRA's principal place of business is anywhere other than Oregon.  If plaintiff alleges NRA's principal place of business to be in a state other than Oregon, and offers plausible facts to support that allegation, then the court will require very limited jurisdictional discovery to determine NRA's principal place of business.

3 – OPINION AND ORDER